# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re*: **L.G.-1, L.G.-2, K.G., and J.G.**

**No. 16-0673** (Roane County 15-JA-48, 15-JA-49, 15-JA-50, & 15-JA-51)

**FILED**

**November 21, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother A.B., by counsel D. Kyle Moore, appeals the Circuit Court of Roane County's June 17, 2016, order terminating her parental rights to eight-year-old L.G.-1, six-year-old L.G.-2, three-year-old K.G., and one-year-old J.G.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Anita Harold Ashley, filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that she abused and neglected her children.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2015, the DHHR filed an abuse and neglect petition against petitioner and the father. The DHHR alleged that the parents' drug abuse resulted in the children's abuse. The DHHR also alleged that the home was filthy and unsanitary, the children had not received proper dental care, and the parents denied a DHHR worker entry into the home. The DHHR further alleged that petitioner and the father were involved in a pending abuse and neglect case in Jackson County, West Virginia and they refused to cooperate with services in that case. Subsequently, the circuit court held a preliminary hearing wherein petitioner and the father failed to appear because they were not properly served. The parties' counsel was present. A DHHR worker testified that both parents were non-compliant with her requests to enter the home following a referral and had visible sores on their bodies that were "consistent with drug use."

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because two of the children in this matter share the same initials, the Court will refer to them as L.G.-1 and L.G.-2 throughout this memorandum decision.

The worker also testified that petitioner ultimately let the worker in the home and petitioner appeared to be groggy, disheveled, and staggering. The circuit court granted petitioner and the father leave to file a motion for a supplemental preliminary hearing due to lack of notice. Neither petitioner nor the father requested a supplemental preliminary hearing in this matter.

In January of 2016, the circuit court held an adjudicatory hearing wherein petitioner testified that neither she nor the father had substance abuse problems, they were not abusing drugs, and both would "pass a drug screen that day." The circuit court ordered petitioner and the father to submit to random drug screens during a recess. Following the screen, petitioner tested positive for amphetamines and Suboxone. The father tested positive for amphetamines, Suboxone, and methamphetamines. Petitioner objected to the relevance of the drug screen to the extent that it would be used as evidence of her drug use at adjudication. The circuit court noted petitioner's objection and stated that the positive drug screen would be relevant as to her credibility as a witness. The father moved the circuit court to continue the remainder of the hearing until the parties received laboratory confirmation of the drug screens.

In February of 2016, the circuit court concluded the adjudicatory hearing and the results of the parents' prior positive drug screens were admitted into evidence. Petitioner testified and admitted that she relapsed by using Suboxone following the removal of the children. The father similarly admitted that he relapsed by using Suboxone following the removal of the children. A DHHR worker testified that petitioner did not keep in contact with the DHHR and did not attend random drug screens, which were a prerequisite to visitation with the children. At the close of the DHHR's evidence, petitioner moved the circuit court to continue the hearing for another day so that she could present additional witnesses. The circuit court granted her motion and ordered petitioner and the father to submit to random drug screens following the hearing. Subsequently, the mother presented the testimony of her aunt who stated that she had not recently observed either petitioner or the father using drugs, as she did in the past. She admitted, however, that she had not observed either party recently and had only seen them "a couple of times" in the last year. Based on the evidence presented at the adjudicatory hearing, the circuit court found by clear and convincing evidence that petitioner suffered from substance abuse issues that adversely affected her ability to parent her children and resulted in the children's abuse. Thereafter, petitioner filed a motion for a post-adjudicatory improvement period.

In May of 2016, the circuit court held a dispositional hearing and addressed petitioner's motion for a post-adjudicatory improvement period. Petitioner did not appear in person but was represented by counsel. No cause was given for her absence but the father indicated that she was aware of the hearing. A DHHR worker testified that petitioner failed to comply with the circuit court's orders. The worker testified that petitioner failed to submit to random drug screens, except for the initial drug screen at the January of 2016 hearing. The worker also testified that petitioner failed to visit the children because she refused to submit to random drug screens, failed to submit to a psychological evaluation and parental fitness evaluation, and failed to keep in contact with the DHHR. The circuit court found that petitioner failed to take responsibility for her actions and failed to participate in services during the pendency of the proceedings. The circuit court concluded that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future and denied petitioner's motion for an improvement

2

period. Based on the evidence presented, the circuit court terminated petitioner's parental rights to the children by order dated June 17, 2016. It is from this order that petitioner appeals.

This Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). On appeal, petitioner argues that the circuit court erred in admitting and relying on her failed drug screen as evidence at her adjudication because it was taken more than two months after the removal of the children. The Court, however, does not agree.

Petitioner's argument is premised entirely upon the allegation that her drug screen could not be used to support adjudication in this matter because it was not relevant. Specifically, petitioner argues that West Virginia Code § 49-4-601(i) requires that the adjudicatory findings "must be based upon conditions existing at the time of the filing of the petition." According to petitioner, the results of her drug screen did not support adjudication because they were obtained well after the petition's filing.

However, petitioner's argument ignores the fact that the circuit court did not rely on the drug screen results to find that she abused or neglected her children. Instead, the circuit court specifically found that the results were relevant for purposes of determining petitioner's credibility. During the adjudicatory hearing, petitioner not only testified that she was not abusing drugs at the time of the petition's filing, but she also testified that she was not abusing drugs and would pass a drug screen. As such, the circuit court ordered a screen and specifically stated that it would consider a negative screen for the purposes of determining her credibility. Although petitioner denied abusing drugs prior to the removal of the children, the circuit court was not required to accept her testimony as true. We have previously held that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997). Petitioner presented no evidence disputing the drug abuse allegations, other than her testimony that she had been clean for approximately eight years despite her admitted relapse on Suboxone. In fact, petitioner testified in open court that she would pass a random drug screen and then

tested positive for amphetamines and Suboxone. Thus, the circuit court determined that petitioner's failed drug screen was relevant to her credibility as a witness. As such, we find no error in the circuit court's admission of petitioner's drug screen results into evidence.

Additionally, to the extent that petitioner argues that there was insufficient evidence to adjudicate her as an "abusing parent," we also disagree. Specifically, petitioner asserts that the circuit court erred when it considered her failed drug screen during adjudication because it was not "evidence of a substance abuse problem prior to or at the time of removal" and the only basis for termination. This argument ignores substantial evidence in the record on appeal. Even without the evidence of petitioner's positive drug screen, there was sufficient evidence that she abused and neglected the children.

According to West Virginia Code § 49-1-201, an abused child is one whose "health or welfare is harmed or threatened by [a] parent, guardian or custodian who knowingly or intentionally inflicts, attempts to inflict or knowingly allows another person to inflict, physical injury or mental or emotional injury, upon the child or another child in the home." Similarly, an "[a]busing parent means a parent . . . whose conduct has been adjudicated by the court to constitute child abuse or neglect as alleged in the petition charging child abuse or neglect." *Id.* We have also explained that

> "W.Va. Code, 49-6-2(c), [now § 49-4-601], requires the [DHHR], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing [evidence].' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the [DHHR] is obligated to meet this burden." Syllabus Point 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 1, *In re Joseph A.*, 199 W.Va. 438, 485 S.E.2d 176 (1997) (internal citations omitted).

Upon our review, we find that the record demonstrates that the circuit court was presented with ample evidence of petitioner's abuse. Moreover, it is clear that substance abuse was not the only issue upon which petitioner was adjudicated. In addition to the testimony that petitioner appeared to have sores and marks on her face and arms that were consistent with signs of substance abuse, the circuit court was presented with evidence that petitioner's home was in an unsanitary and unlivable condition and she failed to secure dental treatment for the children. A DHHR worker testified that the home was filthy, the mattresses and bedding were dirty, and the children were not clean. The worker also testified that the oldest child, L.G.-1, had only been to a dentist once and had four of her teeth extracted due to "bottle rot." The worker further testified that another child, K.G., required emergency dental surgery as a result of severe tooth decay. Petitioner admitted that the three youngest children had never been to a dentist and still drank from a baby bottle. Based upon the record, the evidence of abuse and neglect is sufficient to support the circuit court's findings that petitioner was an abusing parent and that the children were abused and neglected.

For the foregoing reasons, the circuit court's June 17, 2016, termination order is hereby affirmed.

4

Affirmed.

**ISSUED**: November 21, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II